IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOPE FRANKLIN, et al.,

                Plaintiff,                Case No. 3:10 CV 91

-vs-

                                            MEMORANDUM OPINION

MIDLAND FUNDING, LLC,

                Defendant.

KATZ, J.

    This case is presently before the Court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 3), and Plaintiffs' reply thereto (Doc. 7). The motion is well-taken and will be granted.

**I. Background**

    Plaintiffs Hope Franklin and Thomas Hyder filed this action in the Common Pleas Court of Erie County, Ohio, seeking to represent a class of debtors who have been damaged by Defendants' alleged practice of using false form affidavits in debt collection actions. Their sole cause of action is for common-law misrepresentation. This case was removed to federal court pursuant to the jurisdictional provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

    According to the Complaint, defendant Midland Funding, LLC ("Midland") acquires consumer debts that are in default and seeks to collect on those debts. As part of these efforts, Midland has been a plaintiff in tens of thousands of debt collection lawsuits. Two such suits were brought by Midland against Franklin and Hyder. In these actions, Midland attached a form affidavit to the complaint, purporting to set forward facts regarding the debt based on the personal knowledge of the affiant. The affidavits, however, were not based on the personal knowledge of the affiant; instead, they were automatically generated by a computer and signed by a Midland

employee as a matter of routine. The affidavits also falsely stated that the affiant's signature had been witnessed by a notary. The Complaint alleges that, as a result of these misrepresentations, "class members incurred substantial damages, including, but not limited to, the payment of funds to Midland and/or MCM on debts they did not or do not owe."

Plaintiff Franklin did not actually owe the debt Midland claimed she did, and contested the action against her (it appears from the Complaint that Midland dropped the suit, although the Complaint does not say so explicitly). Franklin claims that she spent significant time and effort fighting the suit, and suffered "distress, anger and humiliation that naturally accompanies the discovery of being sued for a debt not owed . . . ."

Plaintiff Hyder was "upset and aggravated" when he learned he was "being sued for a debt he believed he did not owe." But, for reasons not fully explained in the Complaint, he did not contest Midland's suit against him, resulting in a default judgment. Pursuant to the default judgment, Hyder's earnings were garnished.

## II. Standard of Review

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." The court must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To survive dismissal, a complaint must contain enough factual material to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Nor is it enough for the complaint to state facts that are "merely consistent with a defendant's liability." *Iqbal*, 129 S.Ct. at 1949. Rather, the complaint's "factual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, *Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

The term "plausible," as used in *Twombly* and *Iqbal*, is to be understood in a peculiarly narrow sense, and does not refer to the likelihood that the plaintiff will be able to prove a particular allegation. See *Iqbal*, 129 S.Ct. at 1951 ("To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical."); *Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."). Rather, the Court meant the term to refer to the plausibility of the plaintiff's legal theories, when considered in light of the factual allegations in the complaint.

### III. Discussion

#### A. *Arbitration as to Hyder*

The defendants argue that the Complaint should be dismissed because Hyder's claims are subject to a binding arbitration agreement. They point to an arbitration rider signed by Hyder that was attached to a Loan Repayment and Security Agreement relating to a loan taken out by Hyder with Beneficial Mortgage of Ohio. (Doc. 3, Exh. B). Midland subsequently purchased Beneficial's interest in Hyder's debt. (Doc. 1, Exh. 1 at ¶ 13, Doc. 10, Exh. 3).

Plaintiffs oppose compelling arbitration, raising questions as to whether the arbitration rider attached to defendants' motion to dismiss relates to "the debt that Midland sought to collect in the debt collection action that was filed in the Ashland, Ohio Municipal Court," arguing that "Midland offers no proof that it purchased this particular Hyder debt from Beneficial Ohio, Inc." (Doc. 7 at 5). Subsequent discovery, however, has confirmed that the arbitration rider attached to

defendants' motion does indeed relate to the same debt that was subject to the collection action by Midland in Ashland, Ohio Municipal Court, and is the subject of the instant action. (Doc. 16, Exh. 1).

"Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Masco Corp. v. Zurich American Ins. Co.*, 382 F.3d 624 (6th Cir. 2004) (internal quotation marks omitted). The arbitration rider signed by Hyder in this case covers broadly "any claim, dispute, or controversy . . . arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement . . . ." (Doc. 3, Exh. B at 5). Either the Borrower or the Lender may invoke binding arbitration pursuant to the arbitration rider. *Id*.

Plaintiffs argue that Beneficial's rights to invoke the arbitration clause were not validly assigned to Midland; that the current dispute does not fall within the scope of the arbitration agreement; and that the arbitration clause is unconscionable. The Court finds each of these arguments to be without merit. The Assignment and Bill of Sale defendants have attached to their motion (Doc. 10, Exh. 3) was clearly sufficient to assign Beneficial's rights in the debt, including the right to invoke arbitration, to Midland. See, *e.g.*, *Robert Lamb Hart Planners and Architects v. Evergreen, Ltd.*, 787 F.Supp. 753 (S.D. Ohio 1992). Furthermore, the current action arises from Midland's efforts, as Beneficial's assignee, to collect on the debt that was the subject of the loan agreement between Beneficial and Hyder. The current dispute thus falls within the substantive

4

scope of the arbitration agreement. Finally, Plaintiffs do not point to any facts suggesting that the arbitration rider was either procedurally or substantively unconscionable.

The Court therefore finds that Hyder's claims in this suit are subject to arbitration. Because, as explained below, Franklin's claims must be dismissed, the Court will dismiss Hyder's claims, as opposed to ordering a stay pending arbitration. See *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992).

### *B. Misrepresentation as to Franklin*

The defendants also urge dismissal of this action on the ground that the named plaintiffs fail to state a valid claim for misrepresentation. In particular, the defendants claim that the Complaint fails to allege that the plaintiffs justifiably relied on any false statements contained in the affidavits.

Ohio defines the tort of "negligent misrepresentation" as follows: "'One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their *justifiable reliance* upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.' " *Delman v. City of Cleveland Heights*, 41 Ohio St.3d 1, 4 (1989) (emphasis in original) (quoting Restatement (Second) Of Torts § 552(1) (1965); *Gutter v. Dow Jones, Inc.*, 22 Ohio St.3d 286 (1986); *Haddon View Inv. Co. v. Coopers & Lybrand*, 70 Ohio St.2d 154 (1982)). Intentional misrepresentation also requires, *inter alia*, "justifiable reliance upon the representation or concealment." *Burr v. Bd. of County Commrs. of Stark County*, 23 Ohio St.3d 69, 73 (1986) (quoting *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169 (1984)).

5

In the Complaint, the plaintiffs assert, without further elaboration, that "[a]ny required Class members' reliance on the validity of the affidavits is presumed." But the factual allegations of the Complaint show that plaintiff Franklin did not rely on the representations in the affidavit. Instead, Franklin contested the information contained in the affidavit throughout the course of Midland's suit against her. Thus, as a matter of law, she cannot demonstrate that she relied on the affidavit. See, *e.g.*, *Morrow v. Reminger & Reminger Co., L.P.A..*, 183 Ohio App.3d 40, 54 (10th Dist. 2009) (appellants could not show reliance on fraudulent representations made by appellees during prior legal proceedings between the parties where the appellants contested those representations in the prior suit); *Dayton-Walther Corp. v. Kelly*, 42 Ohio App.3d 184, 187 (1st Dist. 1987) (employer could not show reliance on false representations contained in medical reports submitted in connection with workers' compensation claims where employer "elected to take exception to and defend against" the claims).

Franklin's claim for misrepresentation must therefore be dismissed.

**IV. Conclusion**

For the foregoing reasons, defendants' motion to dismiss (Doc. 3) is granted, and the case is closed.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE