IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Midland Funding LLC, | ) | |
| Plaintiff/Counter-Defendant, | ) | CASE NO.: 3:08-cv-01434 |
| vs. | ) | HON. DAVID A. KATZ |
| Andrea Brent, | ) | **And Related Cases:** |
| | ) | Case No. 3:11-cv-0096 |
| Defendant/Counterclaimant, | ) | Case No. 3:10-cv-0091 |
| vs. | ) | |
| Midland Credit Management, Inc., | ) | |
| Counterclaim Defendant. | ) | |

## ORDER GRANTING PRELIMINARY INJUNCTION AGAINST PARALLEL LITIGATION

This matter coming before the Court on the Parties' Joint Motion for An Order Enjoining (1) Parallel Litigation Of Claims To Be Released By Proposed Settlement And (2) Any Attempted Mass Opt Out, and the Court being fully advised in the premises:

THE COURT FINDS that there is evidence showing the existence of multiple pending and threatened lawsuits, including putative class actions, which could act to seriously impair this Court's ability to oversee the orderly and efficient management of the proposed nationwide class action settlement in the above-captioned matter, and have demonstrated that without preliminary injunctive relief, many similar actions could proceed and substantially impair the ability of this Court and the parties to implement the proposed settlement.

Injunctions against federal and state court proceedings are proper where a district court is resolving a nationwide class action encompassing a large potential settlement class. *See, e.g., In re Diet Drugs*, 282 F.3d 220; *Liles v. Del Campo*, 350 F.3d 742, 746 (8th Cir. 2003) ("Injunctions of related proceedings in other federal courts are appropriate when necessary for adjudication or settlement of a case."); *Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 204 (3d Cir. 1993); *Kaufman v. Am. Express Travel Related Servs. Co.*, 264 F.R.D. 438, 449 (N.D. Ill. 2009 )("There is ample authority supporting the court's power to stay pending federal and state cases to effectuate class action settlement approval."); *In re Inter-Op*, 174 F. Supp. 2d at 655 ("To allow the state court actions to proceed would 'serve only to frustrate th[is] district court's efforts to craft a settlement.'"). The complexity of class actions and multi-district litigation cases on the verge of completing a settlement require that district courts have the flexibility to bring the cases to judgment, and thus injunctions of parallel litigation such as the one requested here fall within the "in aid of jurisdiction" umbrella of the All Writs Act and are an exception to the Anti-Injunction Act. *See, e.g.*, *In re Diet Drugs*, 282 F.3d at 236, 239.

Therefore, based on the record, including the legal and factual support for an injunction submitted by the parties, this Court finds an injunction is necessary to protect its jurisdiction. Accordingly:

THE COURT HEREBY ORDERS: As of the date of entry of this order, all Class Members and all persons with actual notice of this Order are hereby enjoined from participating as class members in any lawsuit in any forum, or otherwise filing, intervening in, commencing, prosecuting, continuing and/or litigating any lawsuit in any forum arising out of or relating to the use of affidavits in debt collection lawsuits by Encore Capital Group, Inc., and/or its subsidiaries and affiliates, including but not limited to Midland Credit Management, Inc., Midland Funding

LLC, MRC Receivables Corp., and Midland Funding NCC-2 Corp, unless and until such time as the Class member involved in such action timely and validly excludes himself or herself from the class to pursue individual relief.

THE COURT FURTHER ORDERS: Counsel in any lawsuit in any jurisdiction arising out of or relating to the use of affidavits in debt collection lawsuits by Encore Capital Group, Inc., and/or its subsidiaries and affiliates, including but not limited to Midland Credit Management, Inc., Midland Funding LLC, MRC Receivables Corp., and Midland Funding NCC-2 Corp, and all those acting in concert with them, are hereby enjoined from taking any action to effect or secure any purported classwide opt-out from the settlement in the above-captioned action.

For the purpose of this order, "Class" and "Class Members" refer to: All natural persons (a) sued in the name of Encore Capital Group, Inc., Midland Funding LLC, Midland Credit Management, Inc., or any other Encore and/or Midland-related entity (collectively, "Midland"), (b) between January 1, 2005 and the date the Order of Preliminary Approval of Class Action Settlement is entered by the Court, (c) in any debt collection lawsuit in any court (d) where an affidavit attesting to facts about the underlying debt was used by Midland in connection with the debt collection lawsuit.

DATE: March 11, 2011  ENTER: *s/ David A. Katz*