IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MIDLAND FUNDING, LLC,

                         Plaintiff,                   Case No. 3:08 CV 1434

    -vs-

                                                   MEMORANDUM OPINION

ANDREA BRENT,                                      AND ORDER

                        Defendant.

KATZ, J.

On March 11, 2011, after months of settlement negotiations, this Court conditionally certified this case as a nationwide class action (Doc. 111) as part of a settlement agreement between the parties to this nearly three-year old case. In conjunction with this conditional certification, the Court issued an order (Doc. 110) enjoining parallel litigation.[1]

Now before the Court are eight motions, filed by five different sets of parties, each relating to those orders preliminarily approving the classwide settlement of this action. The Court held oral argument on several of these motions via video conference on April 6, 2011.

Ann Rubio and Gilbert James are Virginia residents who do not wish to participate in this case and claim to have "objectively satisfied" the procedure the Court has put in place to opt out of the settlement class. They have made a special appearance to challenge the Court's personal jurisdiction over them, and have filed a motion for relief from the preliminary injunction (Doc. 115). Andrea Brent ("Brent"), Defendant/Counterclaim Plaintiff, has filed a response to that

---

[1] These orders were also entered in the related cases of *Franklin v. Midland Funding*, No. 3:10-cv-00091 (Docs. 24 & 25), and *Vassalle v. Midland Funding*, No. 3:11-cv-00096 (Docs. 6 & 7), which were included in the same settlement agreement. This opinion and order applies equally to the *Franklin* and *Vassalle* actions.

motion (Doc. 123), as has Plaintiff/Counter Defendant Midland Funding, LLC and Counter-Defendant Midland Credit Management (collectively, "Midland") (Doc. 122).

Ladon Herring, a resident of Newport News, Virginia, has filed a motion to intervene (Doc. 117), and a motion to modify, amend, or clarify the preliminary injunction against parallel litigation (Doc. 118). In response, Brent has filed a motion to stay briefing on the motion to modify, amend, or clarify the preliminary injunction (Doc. 140), to which Midland has filed a motion for joinder (Doc. 142). Midland has also filed a response (Doc. 143) to the motion to intervene.

The State of Minnesota has moved for an order clarifying that the Court's preliminary injunction against parallel litigation does not apply to actions commenced by states (Doc. 120). Brent has filed a response to this motion (Doc. 139), as has Midland (Doc. 145); Minnesota has filed a reply (Doc. 146).

Kelli Gray and Marla Herbert are two plaintiffs and putative class representatives in a consolidated case now pending before Judge Shea of the U.S. District Court for the Eastern District of Washington, *Gray/Lauber v. Encore & Midland Funding, Midland Credit, Suttell*. (No. 2:09-cv-00251). They have made a special appearance to file a motion to dissolve the preliminary injunction and dismiss the case for lack of subject matter jurisdiction (Doc. 136). Brent (Doc. 151) and Midland (Doc. 152) have filed responses to this motion.

Midland has also filed a motion for an order (Doc. 154) requiring attorneys Leonard Bennett and Matthew Erausquin, and their firm, Consumer Litigation Associates, to produce to the parties and to the Court copies of all mailings, solicitations, and other non-privileged communications they have sent to putative class members, as well as a list identifying all persons

2

to whom those communications were sent. Bennett and Erausquin are attorneys for Rubio, James, and Herring.

Rubio and James's motion (Doc. 115) will be denied. Herring's motion to intervene (Doc. 117) will be granted. Herring's motion to modify, amend, or clarify the preliminary injunction (Doc. 118) will be granted in part and denied in part. The motion to stay briefing (Doc. 140) on that motion will be denied, and the motion for joinder in the motion to stay (Doc. 142) will be denied as moot. The State of Minnesota's motion to clarify (Doc. 120) will be granted.

Gray and Herbert's motion to dissolve the preliminary injunction and dismiss the case for lack of subject matter jurisdiction (Doc. 136) will be denied; however, the *Midland Funding v. Brent* action will be remanded to state court. The preliminary injunction will nonetheless continue in force, as this Court has subject-matter jurisdiction over the related cases of *Franklin v. Midland Funding,* No.3:10-cv-00091, and *Vassalle v. Midland Funding*, No. 3:11-cv-00096.

Midland's motion for an order requiring disclosure by Bennett, Erausquin, and Consumer Litigation Associates (Doc. 154) will be granted in part, they will be ordered to produce to the parties and to the Court, within three (3) business days from the issuance of this order, copies of all mailings, solicitations, and other non-privileged communications they have sent to putative class members.

**I. Rubio and James's Motion for Relief from the Preliminary Injunction**

Rubio currently has a Fair Debt Collection Practices Act (FDCPA) action pending against Midland in the Eastern District of Virginia. Her case was initially filed in July 2010 as a class action James has not yet filed a legal action, but he contends that the one-year FDCPA statute of limitations will run on his claims on April 7, 2011 unless he files suit. He also wishes to file suit

3

against Midland for civil conspiracy under Virginia law and for fraud under both Virginia law and federal law.

In their motion, Rubio and James argue that the plain language of the orders issued by this Court permits them and other putative class members to opt out of the class settlement immediately and completely, before formal notice has been sent to them as set forth in this Court's Preliminary Approval Order (Doc. 111). They urge that, otherwise, the Court's orders would violate Fed. R. Civ. P. 23, as well as the Due Process Clause. They also assert that the Court lacks personal jurisdiction over non-Ohio class members to enforce its orders, and that the proposed class settlement in this case is generally "unfair and inadequate." The Court will address each argument in turn.

"It is in the nature of complex litigation that the parties often seek complicated, comprehensive settlements to resolve as many claims as possible in one proceeding." *In re Diet Drugs*, 282 F.3d 220, 236 (3d Cir. 2002). In such complex cases, "where certification or settlement has received conditional approval, or perhaps even where settlement is pending, the challenges facing the overseeing court are such that it is likely that almost any parallel litigation in other fora presents a genuine threat to the jurisdiction of the federal court." *Id*. Therefore, a federal district court overseeing settlement of a nationwide class-action has ample authority under the All Writs Act and Anti-Injunction Act to enjoin parallel litigation in order to preserve its own authority to oversee settlement. See *United States v. New York Telephone Co.*, 434 U.S. 159, 174 (1977) ("The power conferred by the [All Writs] Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice.") (internal citations omitted);

4

*Kaufman v. Am. Express Travel Related Servs. Co.*, 264 F.R.D. 438, 499 (N.D. Ill. 2009) ("There is ample authority supporting the court's power to stay pending federal and state cases to effectuate class action settlement approval."). Because this Court properly has jurisdiction over this class action, it does not need a separate basis for personal jurisdiction in order to enjoin the individual lawsuits of putative non-Ohio class members during the pendency of class settlement proceedings. See *White v. National Football League*, 822 F.Supp. 1389, 1433-1434 (D. Minn. 1993).[2] Given the risk of conflicting orders resulting from parallel litigation in this matter, it is essential that the status quo be preserved until a Fairness Hearing can be held regarding class settlement.

Rubio and James correctly point out that Fed. R. Civ. P. 23 and Due Process require that they be afforded an opportunity to opt out of the class. See *Becherer v. Merrill Lynch*, 193 F.3d 415, 425 (6th Cir. 1999). But the law also requires that the decision to opt out be an informed one. "It is essential that class members' decisions to participate or to withdraw be made on the basis of independent analysis of their own self interest, and the vehicle for accomplishing this is the class notice." *Georgine v. Amchem Products, Inc.*, 160 F.R.D. 478, 490 (E.D. Pa. 1995). The dissemination of class notice "is crucial to the entire scheme of Rule 23." *Id*. (internal quotation marks omitted). Such notice "is designed to present the relevant facts in an unbiased format." *Impervious Paint Ind. v. Ashland Oil*, 508 F.Supp. 720, 723 (W.D. Ky. 1981). Therefore, "it is essential that the district court closely monitor the notice process and take steps necessary to ensure that class members are informed of the opportunity to exclude themselves or to participate in the

---

[2] This is especially so since Rubio's suit before the Eastern District of Virginia involves subject matter that is closely related to the present suit. See Doc. 123, Exh. 1 (Complaint in *Rubio v. Midland Funding*, No. 3:10-cv-464 (E.D. Va.)) (seeking "an Order of this Court . . . enforcing the Orders entered in the Northern District of Ohio and specifically enjoining the Defendant from continuing to file false collection affidavits in the courts of the Commonwealth of Virginia").

judgment." *Georgine*, 160 F.R.D. at 490. Since one of the functions of notice under Rule 23 is to apprise putative class members of "the time and manner for requesting exclusion," the law provides that "class members have a right to exclude themselves from the class under Rule 23(c)(2) *following receipt of notice*." 3 Alba Conte & Herbert Newberg, Newberg on Class Actions § 9.26 (4th ed. 2002) (emphasis added).

This Court's Preliminary Approval Order contains notice and opt-out procedures that comply with Rule 23 and Due Process. That order approved the contents of Defendant's classwide settlement notice, and required that notice be sent to all class members by April 22, 2011. Class members then have until June 1, 2011 to submit a request for exclusion to Class Counsel. It is essential to the fair and efficient administration of class settlement that the procedures set out in the Preliminary Approval Order be adhered to by all putative class members. Because the Class Notices had not yet been mailed at the time Rubio and James submitted their opt-out forms, the Court cannot find that Rubio and James have validly been apprised of their rights under the settlement. Therefore, the Court cannot find that they have yet validly opted out of the class, and they remain subject to this Court's preliminary injunction against parallel litigation.

Moreover, the Court does not believe that compliance with the opt-out procedures will prejudice the claims of Rubio and James. This Court's orders do provide a mechanism for fully opting-out of the class upon receipt of notice. Although Rubio and James's motion raises concerns that not all claims subject to this Court's injunction will be subject to tolling of the statute of limitations, the Virginia law on point suggests otherwise. Pursuant to Va. Code § 8.01–229(C), "[w]hen the commencement of any action is stayed by injunction, the time of the continuance of the injunction shall not be computed as any part of the period within which the action must be brought." Furthermore, the statute of limitation regarding Virginia state law claims is tolled by the

6

commencement of a federal class action. See *Torkie-Tork v. Wyeth*, 739 F.Supp.2d 887, 894 (E.D. Va. 2010) ("In sum, § 8.01–229(E)(1) operates to toll Virginia's statute of limitations for the time during which the plaintiff is a putative member a federal class action suit.").

Insofar as Rubio and James raise concern about the general fairness of the settlement that has been agreed to in this action, such points may addressed more appropriately at the Fairness Hearing to be held in this matter.

**II. Herring's Motion to Intervene**

In her motion, Herring contends that she is entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2), or, alternatively, permissively, pursuant to Fed. R. Civ. P. 24(b). Both arguments are well-taken.

Fed. R. Civ. P. 24(a) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent the interest."

The Sixth Circuit employs a four-part test for granting intervention as of right: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997).

There can be little doubt that Herring's motion is timely, as it was filed mere weeks after the settlement order was issued. As to the second prong, "substantial legal interest," the Sixth

7

Circuit "has opted for a rather expansive notion of the interest sufficient to invoke intervention of right." *Miller*, 103 F.3d at 1245. Because Herring is a member of the putative settlement class and admits that she is bound by the preliminary injunction in this case, she has a sufficient legal interest to intervene in this suit.

As to the third prong, impairment of the applicant's ability to protect her legal interest in the absence of intervention, a proposed intervenor need not establish "that impairment will inevitably ensue from an unfavorable disposition," only that such impairment may ensue. *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991). "This burden is minimal." *Miller*, 103 F.3d at 1247. In this case, it is enough that the terms of the injunction might restrict Herring from filing or further litigating her claims.

The movant's burden as to the fourth prong, "inadequate representation," "is minimal because it is sufficient that the movant prove that representation may be inadequate." *Miller*, 103 F.3d at 1247 (internal quotation marks and formatting omitted). "For example, it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Id*. It appears plain that Herring, who is not one of the named plaintiffs in this case and played no part in settlement discussions, would have a different perspective as to the fairness of that settlement from the named plaintiffs.

Regarding permissive intervention, Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. " Pursuant to Rule 24(b), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." In this case, Herring clearly has a claim that shares a common question of law or fact with the main

8

action, and her intervention would not appear to unduly delay or prejudice the adjudication of the rights of the original parties. Indeed, courts frequently permit parties to intervene to participate fully in class action settlement proceedings. See 5 Alba Conte & Herbert Newberg, Newberg on Class Actions §16.10 (4th ed. 2002).

Thus, Herring's motion to intervene (Doc. 117) will be granted.

### III. Herring's Motion to Modify, Amend, or Clarify the Preliminary Injunction

Herring contends that the preliminary injunction entered by this Court is overbroad in its wording. She also raises concerns that *American Pipe* tolling will not apply to potential claims against third parties not affiliated with Encore or Midland, or to claims under Virginia law.

As to the first point, the Court wishes to clarify that its preliminary injunction does not bar the assertion of affirmative defenses in debt collection actions, or bar debtors from seeking the vacation of judgments against them.

Regarding the second point, it is settled that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-354 (1983) (internal quotation marks omitted). The limitations period is tolled until class certification is denied, at which time former class members may choose to file individual suits or intervene as plaintiffs in the pending action. *Id.* at 354. This is known as *American Pipe* tolling.

But "class action tolling does not apply to a defendant not named in the class action complaint." *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp.*, 413 F.3d 553, 567 (6th Cir. 2005). Herring is concerned that the filing of claims against third parties, such as a local "collection mill" law firm that uses a fraudulent affidavit prepared by Midland in state court, will be barred. The

9

Court hereby clarifies that its injunction does not apply to persons or entities that are not affiliated with Encore or Midland.

As to Herring's concern that the injunction would operate to bar her claims under Virginia law but not to toll them, it appears that those claims would be subject to tolling under Va. Code § 8.01–229(C) & (E).

Therefore, Herring's motion to modify, amend, or clarify the permanent injunction (Doc. 118) is granted in part and denied in part, as stated above. Because the Court has determined that the preliminary injunction need only be clarified, and not substantively amended, to address the concerns raised in Herring's motion, and because the Court believes that further briefing on the motion would not be helpful at this time, the motion to stay briefing on the motion (Doc. 140) will be denied, and the motion for joinder in the motion to stay (Doc. 142) will be denied as moot.

**IV. The State of Minnesota's Motion to Clarify**

The State of Minnesota's motion seeks confirmation that, under the plain language of the preliminary injunction, the State of Minnesota is not enjoined from bringing its enforcement action against Midland in Minnesota state court.

This Court's orders refer only to "Class Members" (defined in the preliminary approval order as "natural persons") and "persons with actual notice of this Order." The Supreme Court has stated that "in common usage, the term 'person' does not include the sovereign, and statutes employing the word are ordinarily construed to exclude it." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989). Consistent with this reasoning, the preliminary injunction cannot be read to encompass the State of Minnesota. Moreover, Minnesota law provides authority for the attorney general to bring enforcement actions under its Collection Agencies Act for monetary and injunctive relief on behalf of the State. See Minn. Stat. §§ 8.31, 332.39.

Therefore, the Court finds that its preliminary injunction does not apply to the action being pursued by the State of Minnesota.

**V. Gray and Herbert's Motion to Dissolve the Preliminary Injunction and Dismiss**

Gray and Herbert argue that this Court lacks subject-matter jurisdiction over *Midland Funding v. Brent* and, therefore, the preliminary injunction must be dissolved and the case dismissed.

The *Brent* action was removed to this Court on the basis of a federal question appearing in a counterclaim (Doc. 1). As Gray and Herbert point out, that removal was improper. See *Vaden v. Discovery Bank*, 129 S.Ct. 1262, 1272 (2009) ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").

It does not follow, however, that the preliminary injunction must be dissolved. This Court's orders granting preliminary approval of the class settlement and enjoining parallel litigation remain in force in the related cases of *Franklin v. Midland Funding*, No. 3:10-cv-00091 (Docs. 24 & 25), and *Vassalle v. Midland Funding*, No. 3:11-cv-00096 (Docs. 6 & 7), over which this Court does have subject-matter jurisdiction.

Nor does it follow that the *Brent* action must be dismissed. Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Therefore, the proper remedy is a remand to state court.

**VI. Midland's Motion for an Order Requiring Disclosure**

Midland moves for an order requiring attorneys Leonard Bennett and Matt Erausquin, and their firm, Consumer Litigation Associates, to produce to the parties and to the Court copies of all mailings, solicitations, and other non-privileged communications they have sent to putative class members, as well as a list identifying all persons to whom those communications were sent.

11

  This motion will be granted in part. Midland has proffered evidence indicating that Consumer Litigation Associates has sent claim forms to putative class members with the opt-out box preselected, as well as attorney solicitations that class members may have incorrectly believed to be the official, court-approved class notice in this action. As noted above, a district court overseeing a class settlement has a responsibility under Fed. R. Civ. P. 23 to closely monitor the notice process to ensure that putative class members receive accurate information pertaining to the settlement. It is therefore essential that the parties and the Court know the content of solicitations and other mailings pertaining to the class settlement in this matter so that the parties and the Court may determine whether curative notice must be sent or other sanctions imposed.

  If, after reviewing the mailings, solicitations, and other non-privileged material sent by Consumer Litigation to putative class members, it is decided that curative notice must be sent, the Court will at that time order production of a list identifying all persons to whom misleading solicitations were sent.

## VII. Conclusion

  For the foregoing reasons, Rubio and James's motion for relief from the preliminary injunction (Doc. 115) is denied. Herring's motions to intervene (Doc. 117) is granted. Her motion to modify, amend, or clarify the preliminary injunction (Doc. 118) is granted in part and denied in part as set forth above. The motion to stay briefing (Doc. 140) on Herring's motion to modify, amend, or clarify the preliminary injunction is denied, and the motion for joinder in the motion to stay (Doc. 142) is denied as moot. The State of Minnesota's motion to clarify (Doc. 120) is granted.

Gray and Herbert's motion to dissolve the preliminary injunction and dismiss the case for lack of subject matter jurisdiction (Doc. 136) is denied. The *Midland Funding v. Brent* action is remanded to the Sandusky Municipal Court in Erie County, OH.

Midland's motion for an order requiring disclosure (Doc. 154) is granted in part. Attorneys Leonard Bennett and Matthew Erausquin and their firm, Consumer Litigation Associates, are ordered to produce to the parties and to the Court, within three (3) business days from the issuance of this order, copies of all mailings, solicitations, and other non-privileged communications they have sent to putative class members, as well as a list identifying all persons to whom those communications were sent.

IT IS SO ORDERED.

                                           S/ *David A. Katz*
                                           DAVID A. KATZ
                                           U. S. DISTRICT JUDGE